UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRAN SMILEY,

    Plaintiff,

v.

SALINAS VALLEY STATE PRISON MAILROOM AND RECORDS DEPT,

    Defendant.

Case No. 17-cv-01208-PJH

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that prison officials improperly read his legal mail.

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). *See also O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government).

However, prison officials may open and inspect mail to a prisoner from courts outside the prisoner's presence because mail from courts, as opposed to mail from a

2

prisoner's lawyer, is not "legal mail." *Hayes*, 849 F.3d 1204 at 1211; *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). With minute exceptions, correspondence from a court to a litigant is a public document. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

Plaintiff states that prison officials opened a letter sent from the California Supreme Court, outside of plaintiff's presence. As noted above, mail sent from the court to a prisoner is not legal mail. In addition, the letter sent by the California Supreme Court was sent on August 19, 2016, and contained the address of the prison and the case number, "S236826". However, the California Supreme Court neglected to put plaintiff's name or his prison identification number on the envelope. Complaint at 15. Prison officials told plaintiff that the envelope was opened in order to ascertain who it should be directed to. Complaint at 12.

Nor has plaintiff identified what was in the envelope. The California Supreme Court docket does not identify what was sent to plaintiff on August 19, 2016. On August 18, 2016, the California Supreme Court received a motion from plaintiff regarding his pending habeas petition, so it is possible that the mail was related to that motion or just an acknowledgment that the court received the motion.

Plaintiff has not presented a cognizable claim because mail sent from the courts is not legal mail. To the extent prison officials violated a prison regulation, that does not present a constitutional claim. The complaint is dismissed with leave to amend to provide more information. Plaintiff may also wish to describe or provide a copy of what he received from the California Supreme Court.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **July 24, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he

3

wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 22, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_01208_Smiley_v_Salinas_Valley_State_Prison_Mailroom_and_Records_D_(PSP)\17-cv-01208-PJH-dwlta.docx

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRAN SMILEY,<br><br>    Plaintiff,<br><br>v.<br><br>SALINAS VALLEY STATE PRISON MAILROOM AND RECORDS DEPT,<br><br>    Defendant. | Case No. 17-cv-01208-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derran Smiley ID: F28162
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050


Dated: June 22, 2017

                                            Susan Y. Soong
                                            Clerk, United States District Court

                                            By:_____
                                            Kelly Collins, Deputy Clerk to the
                                            Honorable PHYLLIS J. HAMILTON